WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Martin Nez,<br><br>                Defendant. | No. CR-12-08109-PCT-GMS<br><br>**ORDER** |

      Pending before the Court are Defendant's Motion to Sever Counts 1-3 from Count 4, (Doc. 50), Defendant's Motion to Dismiss Count 3 of Superseding Indictment, (Doc. 51), and Motion for Juror Questionnaire (Doc. 52). For the reasons stated below Defendant's Motion to Sever Counts 1-3 from Count 4 (Doc. 50) is granted. Defendant's Motion to Dismiss Count 3 of the Superseding Indictment (Doc. 51) is denied as moot. Defendant's Motion for Juror Questionnaire (Doc. 52) is granted with the method of administering the questions and reviewing the answers to be further discussed by the Court and the parties.

      On February 1, 2013, Defendant filed his Motion to Dismiss Count 3 of the Superseding Indictment for its failure to allege the use of force (Doc. 51). Shortly thereafter the United States filed its Second Superseding Indictment in which it alleges the use of force in Count 3 (Doc. 55). The Motion to Dismiss Count 3 is therefore denied as moot.

      The United States does not object to the use of a juror questionnaire in this case, and the Court is amenable to it in this circumstance. The motion is therefore granted and

1  the Court will discuss with the parties the questions to be used and the method for
2  administering the questions at a later date.
3        As for the Motion to Sever Counts 1-3, the first three counts all charge conduct
4  that arose on the same evening on or about March 28, 2011 with the same victim Jane
5  Doe 1. The three counts allege that Jane Doe 1 came over to her uncle's house to borrow
6  a movie. While there, the uncle forced her on to his bed, digitally penetrated her vagina,
7  (Count 2), then had forcible sexual intercourse with her (Count 1) and touched her breasts
8  during the assault (Count 3).
9        Count 4 charges conduct occurring approximately 2 and a half years earlier, on or
10 about September 21, 2008, with a separate victim. In that Count the Defendant is
11 charged with digitally penetrating the vagina of the victim, Jane Doe 2 who was
12 "physically incapable of declining participation in or communicating unwillingness to
13 engage in that sexual act" because she was heavily intoxicated and sleeping on the couch
14 of the Defendant with whom her mother was living.
15       To be joined in an indictment charges must be "of the same or similar character,"
16 "based on the same act or transaction," or be "connected with or constitute part of a
17 common scheme or plan." Fed. R. Crim. P. 8(a). The events set forth in Counts 1
18 through 3 and Count 4 are not "based on the same act or transaction", nor do they
19 constitute part of a common scheme or plan. They must, therefore, be "of the same or
20 similar character" to be charged in the same indictment and tried together. The Ninth
21 Circuit set forth the standard for making this determination in *United States v. Jawara,*
22 474 F.3d 565, 572 (9th Cir. 2007). Basically the Court looks at six factors: (1) "the
23 elements of the statutory offenses"; (2) "the temporal proximity of the acts"; (3) "the
24 likelihood and extent of evidentiary overlap"; (4) "the physical location of the acts"; (5)
25 "the modus operandi of the crimes"; and (6) "identity of the victims".
26       Even if the counts are properly charged together, Defendant alleges they should be
27 severed in light of the danger of unfair prejudice to him pursuant to Fed. R. Crim. P. 14.
28 / / /

1    In this case the statutory offenses alleged arising from the two separate
2    occurrences do have similar elements, the events did not occur close together in time, but
3    they both apparently occurred in the same location. The victims were different, as was
4    the modus operandi. The Government asserts that there will be some evidentiary overlap
5    because, pursuant to Fed. R. Civ. P. 413 "the Court may admit evidence that the
6    defendant committed any other sexual assault." Thus, presumably, the Government will
7    wish to introduce evidence of either event in connection with the prosecution of the other.
8    Because the indicted offenses all constitute sexual assaults as defined by Fed. R. Civ. P.
9    413, the Defendant concedes that evidence of such other assaults might be admissible,
10   but for Fed. R. Civ. P. 402 and 403.
11       Given the broad definition of relevance provided by the Federal Rules of Evidence
12   401, the evidence of either sexual assault would be relevant to whether the Defendant
13   committed the other assaults with which he is charged.
14       Nevertheless, in connection with the prosecution of Count 4, the Government
15   desires to introduce "other act" evidence that the Defendant engaged in inappropriate
16   physical contact with victim Jane Doe 2. It further desires to introduce expert testimony
17   that this constituted an attempt to "groom" the victim to engage in a consensual sexual
18   relationship with him (Doc. 49). The Court might otherwise be inclined to admit to
19   some extent the other act evidence in connection with the trial of Count 4. The Court is
20   disinclined, in any event, to allow the expert to testify that the Defendant "groomed" Jane
21   Doe 2, nor is the Court yet satisfied that any alleged other act evidence would fit into a
22   definition of "grooming" to be offered by the expert to the extent there is an ascertainable
23   or authoritative definition of that term that would assist the jury in any way in
24   determining the facts as they pertain to Count 4. Yet, to the extent that the evidence of
25   such conduct may be determined to be admissible in the prosecution of Count 4, its
26   relevance is substantially outweighed by a danger of unfair prejudice to the Defendant in
27   the jury's considerations of Counts 1 through 3. Further, inherent evidentiary weaknesses
28   in Count 4 which the Defendant might like to emphasize in his defense of that case and

the evidence presented, are likely to be unfairly bolstered by trying them in conjunction with a separate assault in which such evidentiary weaknesses are not present to the same degree, but whose facts are sufficiently different in some particulars from the charged offense in Count 4. In short, trying the cases together would apparently result in evidentiary calculus that might be different than if the cases were tried separately, even if the evidence of other assaults is admitted in such cases to a greater or lesser degree. The Court realizes that limiting instructions are available and even useful in cases of such evidentiary overlap, but in a case like this, they would be, in the Court's judgment, unavailing. This is especially the case where substantial time elapsed between the incidents. There were different victims in different circumstances, with different methods of conducting the crimes alleged. Similar considerations might result in different evidentiary rulings with respect to admissible evidence were the crimes tried separately.

Accordingly, the Court grant's the Defendant's Motion to Sever Counts 1-3 from Count 4, pursuant to Fed. R. Crim. P. 14.

**IT IS HEREBY ORDERED** that the Motion to Sever Counts 1-3 from Count 4 is granted (Doc. 50).

**IT IS FURTHER ORDERED** that the Motion to Dismiss Counts: Count 3 of Superseding Indictment is denied as being moot (Doc. 51).

**IT IS FURTHER ORDERED** that the Motion for Juror Questionnaire (Doc. 52) is granted as set out above.

Dated this 24th day of May, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge